CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
DEC -2 2014
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN MCKINNON-EL,
    Plaintiff,

v.

C-BUILDING SERGEANTS AND
LIEUTENANTS,
    Defendants.

Civil Action No. 7:14-cv-00648

**MEMORANDUM OPINION**

By:  Hon. Jackson L. Kiser
      Senior United States District Judge

    John Mckinnon-El, a Virginia inmate proceeding pro se, filed a motion for a temporary restraining order ("TRO") sans complaint. Plaintiff alleges that sergeants and lieutenants in the C-Building of the Red Onion State Prison deliberately refuse to give him informal complaint forms to commence institutional grievances. Plaintiff believes that a gross miscarriage of justice will occur if he is unable to grieve matters concerning prison life.

    The purpose of a TRO is to avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). I may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b). The movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20-24 (2008). The moving party must

certify in writing any effort made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b).

Plaintiff does not describe any effort he made to give notice of his motion for a TRO and the reasons why notice should not be required. Plaintiff also does not establish that he is likely to succeed on the merits since a complaint was not filed. Furthermore, Plaintiff does not have a constitutional right to access the institutional grievance system, and the alleged fact that state prison officials have not followed their own independent policies or procedures does not state a constitutional claim. See, e.g., Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Moreover, Plaintiff does not describe any immediate, irreparable injury or establish that the balance of equities tips in his favor. Efficient and effective penal administration furthers the public's interest, and involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Accordingly, Plaintiff fails to satisfy the requirements for a TRO, and I deny his request.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTER**: This 2nd day of December, 2014.

                                                      Senior United States District Judge